William R. Bennett, III (WB 1383)
Bennett, Giuliano, McDonnell & Perrone, LLP
**Attorneys for Defendants**
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:    (646) 328-0120
Facsimile:    (646) 328-0121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X
ERIC J. WADE,                                            07 CV 7880 (NRB) (GWG)

        Plaintiff,

    v.                                                          **ANSWER**

NEW YORK MARINE TOWING INC. and
SPECIALIST LLC,

        Defendants.
-------------------------------------------------X

    Defendants, New York Marine Towing, Inc., and Specialist, LLC, by and through their attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP as and for their answer to the plaintiff's Complaint state:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF THE COMPLAINT

1.     Admit the allegations contained in paragraph 1 of the Complaint.

2.     Deny the allegations contained in paragraph 2 of the Complaint.

3.     Admit the allegations contained in paragraph 3 of the Complaint.

4.     Admit the allegations contained in paragraph 4 of the Complaint.

5.     Admit the allegations contained in paragraph 5 of the Complaint.

6.     Deny the allegations contained in paragraph 6 of the Complaint.

7.     Deny the allegations contained in paragraph 7 of the Complaint.

8. Deny the allegations contained in paragraph 8 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF THE COMPLAINT**

9. Defendants repeat and reallege each and every admission, denial and denial of knowledge or information stated herein above as if fully set forth at length herein.

10. Admit the allegations contained in paragraph 10 of the Complaint.

11. Admit the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

**AS AND FOR AN ANSWER TO THE THIRD CAUSE OF THE COMPLAINT**

18. Defendants repeat and reallege each and every admission, denial and denial of knowledge or information stated herein above as if fully set forth at length herein.

19. Deny the allegations contained in paragraph 19 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

20. Defendants deny that plaintiff was injured aboard a vessel owned and operated by defendant and allege that plaintiff's medical condition arose insidiously and/or was caused in whole or in party by plaintiff's culpable conduct, including his comparative negligence, contributory negligence and assumption of risk of injury. Plaintiff's culpable conduct is a bar to plaintiff's recovery or, in the alternative, shall diminish those damages sought in the proportion to which plaintiff's culpable conduct bears to the culpable conduct, which caused those damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. If the plaintiff sustained any damages or injuries as alleged in the Complaint, then such injuries or damages were suffered not by reason of any fault on the part of defendant, but rather by reason of the fault of others over whom defendant had no control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. The claims of the plaintiff are barred as the plaintiff has failed to mitigate damages or, alternatively, plaintiff's damages must be reduced by an amount caused by his failure to mitigate.

### AS AND FOR A FOURTH AFFIMATIVE DEFENSE

23. Defendants have paid plaintiff his maintenance and cure in full. Futhermore, plaintiff reached maximum medical improvement and, accordingly, is not entitled to additional maintenance and cure or punitive damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Plaintiff's damages must be reduced by an amount equal to those monies that he has received or has a right to receive from collateral sources.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25. Plaintiff failed to reveal a known pre-existing condition at the time he signed aboard the defendant's tug.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26. The causes of action set forth in the Complaint fail to state a claim upon which relief can be granted.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

27. Plaintiff's injury for which he seeks damages pre-existed his employment by the defendant and, accordingly, the defendant's liability, if any, is limited to any exacerbation of plaintiff's pre-existing injuries.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

28. To the extent that the defendant is held vicariously liable for the medical malpractice of any of plaintiff's medical providers, plaintiff's recoverable damages from the defendant is limited to those recoverable by statute or common law directly from the alleged negligent physicians or medical clinics who treated plaintiff.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

29. Venue in this District is improper.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

30. This Court lacks personal jurisdiction over defendants.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

31. Process was improper and insufficient.

WHEREFORE, defendants demand judgment:

a. Dismissing the Complaint;

b. Awarding expenses of this action, including attorneys' fees; and

c. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 2, 2007

                                          Bennett, Giuliano, McDonnell & Perrone, LLP
                                          Attorneys for Defendants
                                          NEW YORK MARINE TOWING, INC. and
                                          SPECIALIST LLC

                                          */s/*
                                          494 Eighth Avenue, 7th Floor
                                          New York, New York 10001
                                          Telephone:    (646) 328-0120

**TO:**   John James, Esq.
          Freidman & James
          132 Nassau Street, Suite 900
          New York, New York 10038

Z:\Documents\All Files\D602 New York Marine\Pleadings\Answer-103107.doc

## CERTIFICATE OF SERVICE

  I, WILLIAM R. BENNETT, III, an attorney duly admitted to practice in the Courts of the State of New York and in this District, hereby certify that on November 2, 2007, I personally caused a copy of the foregoing ANSWER to be served on:

  John James, Esq.
  Friedman & James
  132 Nassau Street, Suite 900
  New York, New York 10038

via ECF and by depositing a true copy of same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                  _____
                  WILLIAM R. BENNETT, III

Z:\Documents\All Files\D602 New York Marine\Pleadings\Answer-103107.doc